# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRACY TOCKSTEIN, d/b/a/ ) | |
| TOCKSTEIN CONSTRUCTION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00020 ERW |
| ) | |
| STEVEN SPOENEMAN and ) | |
| RACHEL SPOENEMAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendants' Motion to Dismiss for Lack of Standing and Lack of Jurisdiction [doc. #6].

## I. BACKGROUND AND PROCEDURAL HISTORY

Defendants Steven and Rochelle Spoeneman ("Defendants") are Missouri residents. On or about January 8, 2002, Defendants signed a Construction Contract with Plaintiff, Tracy Tockstein ("Plaintiff"), an Illinois resident. The terms of the Construction Contract stated that Plaintiff would provide the construction of a new residence to Defendants in St. Louis County, Missouri, and that Defendants would pay Plaintiff for the costs of labor and materials used in the construction of the residence. Subsequently, Plaintiff and Defendants entered into a series of agreements whereby Plaintiff agreed to make certain improvements on the residence, and Defendants agreed to pay for the costs of labor and materials incurred in making said improvements.

The Construction Contract contained a forum selection clause. This clause states:

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

"JURISDICTION: Any dispute between Owner and Contractor shall be resolved in the Circuit Court of St. Louis County if the parties hereto consenting to and directing jurisdiction and venue accordingly." Defendant Steven Spoeneman drafted the contract, and he claims that he intended the forum-selection clause to contain a comma in the place of the "if," so that the clause would read, "JURISDICTION: Any dispute between Owner and Contractor shall be resolved in the Circuit Court of St. Louis County, the parties hereto consenting to and directing jurisdiction and venue accordingly."

Allegedly, Plaintiff furnished labor and materials for the construction and improvements on the residence from the beginning of 2002 until December 2002, when Defendants, without reasonable cause or excuse, excluded Plaintiff and his agents from access to the residence. Plaintiff and his agents were then unable to complete the construction of the residence and improvements. Plaintiff filed a Petition in this Court on January 8, 2007, alleging breach of contract and quantum meruit/valebant[1] resulting from Defendants exclusion of Plaintiff from the residence and failure to pay for the costs of labor and materials incurred in the construction of the residence. On April 16, 2007, Defendants filed the instant motion requesting dismissal for lack of standing and lack of jurisdiction.

## II. LACK OF STANDING

Defendants assert that Plaintiff lacks standing because Plaintiff is identified in the Petition as "Tracy Tockstein, d/b/a/ Tockstein Construction." Defendants argue that because Tockstein Construction is a fictitious name, it is a non-existent entity that is not a party to the contract, and

---

[1] Quantum meruit is an equitable suit to recover the reasonable value of services, while quantum valebant is an equitable suit to recover the reasonable value of goods and materials.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

does not have standing to sue.

Standing is a "threshold question in every federal case." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). In a diversity case, a plaintiff must satisfy "the 'case or controversy' requirements of [A]rticle III of the Constitution and also [have] standing to sue under the relevant state law." *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126 (8th Cir. 1998). To show standing under Article III, "a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. *Steger*, 228 F.3d at 892 (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Under Missouri law, a party to a contract has standing to enforce an agreement. *Goldring v. Franklin Equity Leasing Co.*, 195 S.W.3d 453, 456 (Mo. Ct. App. 2006) (*citing General Motors Acceptance Corp. v. Windsor Group, Inc.*, 2 S.W.3d 836, 839 (Mo. Ct. App. 1999)).

The Court finds that Plaintiff has standing to sue. Plaintiff's self-designation of "Tracy Tockstein, d/b/a/ Tockstein Construction" does not affect the fact that Tracy Tockstein alleges that he suffered an injury-in-fact, that there is a causal relationship between the injury and the alleged conduct of Defendants, that the injury likely will be redressed by a favorable decision, or that he is a party to the contract. Under Missouri law, "a person may adopt or assume a different name from his true one, and may even carry on business and make contracts under his fictitious name." *State ex rel. Schoenbacher v. Kelly*, 408 S.W.2d 383, 387 (Mo. Ct. App. 1966) (internal citations omitted). Merely designating himself as doing business as Tockstein Construction does not remove Tracy Tockstein's standing to sue.

Defendants' concern that Plaintiff will hide behind the empty shell of a fictitious entity

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

does not implicate Plaintiff's standing to sue under the contract. A motion to dismiss is not the proper posture for Defendants to either seek clarification that Plaintiff sues as an individual or determine against whom they should bring counter-claims.

## II. LACK OF JURISDICTION

Defendants also assert that the Court lacks jurisdiction on the basis of the forum selection clause in the January 8th Construction Contract. Defendants do not specify under which Rule they bring their motion to dismiss. The Court notes "that there is some controversy as to whether Rule 12(b)(3) or 12(b)(6) is the proper vehicle for bringing a motion to dismiss based on improper venue when the issue turns on a forum selection clause." *Rainforest Café, Inc. v. Eklecco, L.L.C.*, 340 F.3d 544, 546 n.5 (8th Cir. 2003); *see also Steward v. Up North Plastics, Inc.*, 177 F. Supp. 2d 953, 957 (D. Minn. 2001) (identifying circuit split on whether Fed. R. Civ. P. 12(b)(1), 12(b)(3), or 12(b)(6) is appropriate for a motion to enforce a forum selection clause). The question is open in the Eighth Circuit. *Rainforest Café*, 340 F.3d at 546 n.5 .

The procedural vehicle under which a motion to dismiss based on a forum selection clause is brought affects the Court's ability to consider matters outside the pleading. A motion brought under Fed. R. Civ. P. 12(b)(6) may be treated as a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court." *BJC Health System v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003). A district court "has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003). A motion is only converted to a motion for summary judgment if the district court actually relies on the material in dismissing the case, *Casazza v. Kiser*, 313 F.3d 414, 417-

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

18 (8th Cir. 2002). Unlike a motion brought under Fed. R. Civ. P. 12(b)(6), when a motion is brought under Fed. R. Civ. P. 12(b)(3), the Court is not required to accept the pleadings as true and may consider facts outside of the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

Because most circuits that have decided that Fed. R. Civ. P. 12(b)(3) is the proper vehicle for seeking enforcement of a forum selection clause, *see Steward*, 177 F. Supp. 2d at 957 (citing cases from the Seventh, Ninth, and Eleventh Circuits treating motions to enforce forum selection clauses as Rule 12(b)(3) motions), the Court will treat Defendants' motion to dismiss for lack of jurisdiction based on the forum selection clause as a motion under Fed. R. Civ. P. 12(b)(3). Therefore, the Court may properly consider and rely upon facts outside the pleadings without converting the motion into one for summary judgment. *See Argueta*, 87 F.3d at 324.

### A. *ERIE* QUESTION

There is disagreement among the circuits over whether state or federal law applies to the interpretation and the enforceability of a forum selection clause. *See Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006); 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3803.1 (3d ed. 2007) ("One question not resolved by the Supreme Court in the Stewart case that has perplexed the lower courts is whether to apply state or federal law when interpreting the forum selection clause to determine whether it is valid and mandatory."). The Eighth Circuit has yet to adopt a definitive position on these issues. *Servewell*, 439 F.3d at 789.

Following the Eighth Circuit in several cases, this Court will apply state law to interpret the contractual forum selection clause. *See Surgical Synergies, Inc. v. Genesee Associates, Inc.*,

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

432 F.3d 870, 873-74 (8th Cir. 2005) (applying forum state's laws to determine which state's law governs interpretation of a purchase agreement); *Larken, Inc. v. Wray*, 189 F.3d 729, 732-33 (8th Cir. 1999) (construing settlement agreement according to state law). *But see Rainforest Cafe*, 340 F.3d at 546 ("In this case, both parties operate under the assumption that federal law controls the question of whether this forum selection clause applies. We are inclined to agree, but acknowledge that this appears to be an open question.") (internal citation omitted). In this diversity case, the Court must now determine whether to apply Illinois or Missouri state law.

In deciding which state's law governs interpretation of the contract, a federal court must apply the choice of law rules of the forum state. *See Surgical Synergies*, 432 F.3d at 873-74. Missouri choice of law rules requires courts to "apply the "most significant relationship" test set out in Section 188 of the Restatement (Second) of Conflict of Laws." *Dillard v. Shaughnessy, Fickel and Scott Architects, Inc.*, 943 S.W.2d 711, 715 (Mo. Ct. App. 1997); *see also Highwoods Props., Inc. v. Executive Risk Indem., Inc.*, 407 F.3d 917, 920 (8th Cir. 2005). "This test requires a balancing of several factors to determine which state has the most significant relationship to the action." *Superior Equip. Co. v. Md. Cas. Co.*, 986 S.W.2d 477, 480 (Mo. Ct. App. 1998). These factors are "(a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Id.* These factors are evaluated "based on their relative importance to the particular issue before the court." *Dillard*, 943 S.W.2d at 715. "Different factors may be entitled to more weight." *Id.*

Here, the balance of factors favors Missouri. The contract was executed in St. Louis County, Missouri; all meetings between Plaintiff and Defendants regarding the construction

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

contract took place in St. Louis County, Missouri; the real estate on which the residence would be built is located in St. Louis County, Missouri; and Defendants are residents of Missouri.  The only factors that favor Illinois law are that payments were sent to Plaintiff in Illinois and that Plaintiff is a resident of Illinois.  Therefore, the Court will apply Missouri law to construe the forum selection clause.

**B.  INTERPRETATION OF FORUM SELECTION CLAUSE**

The Court must first determine whether the forum selection clause is ambiguous.  "Under Missouri law [a court] must enforce a contract as written and according to the plain meaning of the words in the contract when the contract is clear and unambiguous."  *Contract Freighters, Inc. v. J.B. Hunt Transp., Inc.*, 245 F.3d 660, 663 (8th Cir. 2001) (*quoting Farmland Indus., Inc. v. Frazier-Parrott Commodities*, 111 F.3d 588, 590 (8th Cir. 1997)).  A contract is ambiguous when it is susceptible to more than one reasonable interpretation.  *Id.*  "The test for ambiguity is whether the disputed language is reasonably susceptible of more than one meaning when the words are given their plain meaning as understood by an average person."  *Daniels Express and Transfer Co. v. GMI Corp.*, 897 S.W.2d 90, 92 (Mo. Ct. App. 1995) (internal citation omitted). "A contract is not ambiguous merely because the parties disagree over its meaning."  *Id.*  The court must construe an ambiguous provision against the party that drafted it.  *Stodghill v. Service Employees Int'l Union, Local 50, AFL-CIO, CLC*, 192 F.3d 1159, 1162-63 (8th Cir. 1999) (*citing Mo. Consol. Health Care Plan v. Bluecross Blueshield of Mo.*, 985 S.W.2d 903, 910 (Mo. Ct. App. 1999)).

Here, the forum selection clause is ambiguous and must be construed against the drafter, Defendant Steve Spoeneman.  The clause reads: "JURISDICTION:  Any dispute between Owner

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and Contractor shall be resolved in the Circuit Court of St. Louis County if the parties hereto consenting to and directing jurisdiction and venue accordingly." Giving the language of the clause its plain meaning, the Court concludes that the clause is susceptible to more than one reasonable interpretation. An average person could read the clause as requiring jurisdiction in the Circuit Court of St. Louis County, based on the word "shall" at the beginning of the clause. Under this reading, the word "if" does not make the consent to and direction of jurisdiction conditional, particularly because the phrase, "if the parties hereto consenting to and directing jurisdiction and venue accordingly" is grammatically nonsensical. However, an average person could also read the clause as making jurisdiction and venue in the Circuit Court of St. Louis County conditional

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

on the consent and direction of the parties.[2]  This reading is reasonable based on the word "if" in the middle of the clause.  The fact that both readings are grammatically incorrect only supports the conclusion that the forum selection clause is "reasonably susceptible of more than one meaning when the words are given their plain meaning as understood by an average person." *See Daniels Express and Transfer Co.*, 897 S.W.2d at 92.

The ambiguity in the forum selection clause must be construed against the drafter. *Stodghill*, 192 F.3d at 1162-63.  Defendant Spoeneman admits that he drafted the construction contract, and he seeks dismissal pursuant to the forum selection clause, so the ambiguity in the clause will be construed against its validity.  The Court construes the clause as requiring

---

[2] Defendants argue that this reading renders the entire paragraph meaningless. They query why the parties would require a provision stating that they will litigate their disputes in a certain forum only if they later agree to that jurisdiction and venue. Defendants argue that only the first potential interpretation (finding mandatory jurisdiction in the Circuit Court of St. Louis County) gives any real import to the rest of the language in the paragraph. Defendants attempt to invoke the rule of construction which requires that courts avoid declaring a contract provision meaningless and interpret the contract to give reasonable and lawful meaning to each provision. *Fox Midwest Theatres v. Means*, 221 F.2d 173, 180 (8th Cir. 1955).

This argument is unpersuasive.  Interpreting the forum selection clause as permissive rather than mandatory does not render the paragraph meaningless,  as permissive forum selection clauses serve a purpose.

> [W]e disagree with [defendant's] argument that the forum selection clause becomes surplusage if read as permissive rather than mandatory.  A permissive forum selection clause in a negotiated contract between sophisticated actors is a risk management tool. . . . The presence of the clause avoids the need to rely solely on the traditional minimum contacts analysis by providing a second, stronger basis for jurisdiction thereby minimizing the risk that anything more than a frivolous challenge to jurisdiction may arise.

*Dunne v. Libbra*, 330 F.3d 1062, 1064 (8th Cir. 2003).  Therefore, the Court's reading of the clause as ambiguous does not violate the rule against declaring a contract provision meaningless.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

jurisdiction in the Circuit Court of St. Louis County if the parties consent to and direct jurisdiction and venue accordingly. Because Plaintiff filed in this Court and opposes the motion to dismiss, it is clear that Plaintiff does not consent to jurisdiction in the Circuit Court of St. Louis County. Therefore, the present action will not be dismissed for lack of jurisdiction under the forum selection clause.

Defendants argue that the forum selection clause contains a typographical error and that "[a] contract must be read according to the parties' intent despite clerical errors and omissions."[3] *Unlimited Equipment Lines, Inc. v. Graphic Arts Centre, Inc.* 889 S.W.2d 926, 933 (Mo. Ct. App. 1994). In *Unlimited Equipment Lines, Inc.*, the trial court utilized parol evidence to correct a typographical error in order to construe a provision according to the parties' intent. *Id.* The relevant clause read, "[GAC] agrees to give first right of refusal to [UEL]. And all equipment is to be released for the next 12 months." *Id.* The parties agreed that the clause was intended to read "[GAC] agrees to give first right of refusal to [UEL] on all equipment that is to be released for the next 12 months." *Id.*

*Unlimited Equipment Lines* does not control the present case. First, unlike the parties in that case, Plaintiff and Defendants do not agree that the forum selection clause contains a typographical error. Second, unlike the clause in *Unlimited Equipment Lines*, the forum selection clause here is susceptible to reasonable conflicting interpretations. It is not merely a clerical error or omission. Because the forum selection clause is ambiguous, the Court must construe the

---

[3] Plaintiff characterizes the alleged typographical error as a unilateral mistake. The doctrines of unilateral and mutual mistakes are inapplicable. These doctrines in involve "a misconception about a basic assumption or vital fact upon which [the parties] based" the agreement, not an error in drafting the text of the contract itself. *Alea London Ltd. v. Bono-Soltysiak Enter.*, 186 S.W.3d 403, 415 (Mo. Ct. App. 2006).

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

ambiguity against the drafter and deny the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Standing and Lack of Jurisdiction [doc. #6] is **DENIED.**

So Ordered this 7th Day of November, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com