| | |
|---|---|
| TRACY TOCKSTEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV00020 ERW |
| | ) |
| STEVEN SPOENEMAN | ) |
| and ROCHELLE SPOENEMAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Third-Party Defendant's Theresa Tockstein's Motion to Dismiss Third-Party Claim against Third Party Defendant Theresa Tockstein [doc. #20].

## I. BACKGROUND

On or about January 8, 2002, Steven and Rochelle Spoeneman ("Defendants") signed a construction contract ("Contract") with Tracy Tockstein ("Plaintiff"). The terms of the Contract stated that Plaintiff would construct a new residence in St. Louis County, Missouri, and that Defendants would pay Plaintiff for the costs of labor and materials used in the construction of the residence. Subsequently, Plaintiff and Defendants entered into a series of agreements whereby Plaintiff agreed to make certain improvements on the residence, and Defendants agreed to pay for the costs of labor and materials incurred in making said improvements.

Plaintiff brought this action seeking damages for breach of contract, quantum meruit, and quantum valebant.[1] Defendants then filed a third-party claim against Plaintiff's wife, Theresa

---

[1] Quantum meruit is an equitable suit to recover the reasonable value of services, while quantum valebant is an equitable suit to recover the reasonable value of goods and materials.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Tockstein. This third-party complaint contains two counts. Count I states a cause of action for breach of contract, while Defendants seek to recover for fraud/misrepresentation in Count II. In the pending Motion, Theresa Tockstein asks that the Court dismiss Count I and Count II.

## II. LEGAL STANDARD

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to Plaintiff. *Chambers v. St. Louis County*, 247 F.App'x 846, 848 (8th Cir. 2007) (*citing Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). While a plaintiff does not have to "set out *in detail* the facts upon which he basis his claim," Fed. R. Civ. P. 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007) (emphasis in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The factual allegations contained in the pleadings must "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1959. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (internal citations and quotations omitted). Therefore, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

## III. DISCUSSION

In their claims against Theresa Tockstein, Defendants allege breach of contract and fraud/misrepresentation. The Court will address each claim separately.

### A. COUNT I: BREACH OF CONTRACT

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

To establish a prima facie case for breach of contract, a claimant must plead facts showing "(1) a contract existed between plaintiff and defendant; (2) plaintiff had certain rights and defendant had certain obligations or duties under the contract; (3) defendant breached the contract; and (4) plaintiff suffered damages therefrom." *Newell Rubbermaid, Inc. v. Efficient Solutions, Inc.*, 2007 WL 4526536 at *9 (Mo. Ct. App. Dec. 26, 2007) (*citing Taryen Dev., Inc. v. Phillips 66 Co.*, 31 S.W.3d 95, 104 (Mo. Ct. App. 2000)). The parties specifically dispute whether Defendants have pled sufficient facts regarding the first element above. Defendants assert that their pleadings demonstrate the existence of an agency relationship, satisfying the requirement that a contract exist between Defendants and Theresa Tockstein. Specifically, Defendants allege that Plaintiff Tracy Tockstein was acting, in part, as an agent for Theresa Tockstein when he signed the Contract.

A principal-agent relationship "arises out of contract, express or implied. It is an agreement whereby one person, the agent, consents with another, the principal, to act on behalf of the principal subject to the control of the principal." *World Resources, Ltd. v. Utterback*, 943 S.W.2d 269, 270 (Mo. Ct. App. 1997) (*citing Markland v. Travel Travel Southfield, Inc.*, 810 S.W.2d 81, 83 (Mo. Ct. App. 1991)). The burden rests on "[t]he party relying on the agency [to] demonstrate its existence." *Elam v. Dawson*, 216 S.W.3d 251, 254 (Mo. Ct. App. 2007). To establish a prima facie case of agency, Defendants must allege facts showing the existence of three elements:

> [1] the agent 'holds a power to alter the legal relation between the principal and third persons and between the principal and himself'; [2] that the agent 'is a fiduciary with respect to matters within the scope of his agency'; and [3] that the principal 'has the right to control the conduct of the agent with respect to matters entrusted to him.'

*Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A.*, 8 S.W.3d. 893, 903 (Mo. Ct. App. 2000) (*citing State ex rel. Bunting v. Koehr*, 865 S.W.2d 351, 353 (Mo. banc 1993)).

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendants assert that Paragraphs 7 and 8 in their Third-Party Complaint provide support for their agency claims. Paragraph 7 alleges:

> 7. Theresa Tockstein, at all relevant times herein, was the individual responsible for handling all financial transactions by and between Tracy, Tockstein, or Tockstein Construction and Spoenemans and/or payment of all liabilities related thereto, including the writing of checks and payments to individuals to whom Tracy, Tockstein or Tockstein Construction owed monies or for drawing funds and monies from the Tockstein Construction business operating account for the use and/or benefit of Tracy and Theresa.

The Defendants further allege in Paragraph 8 that "At all relevant times herein, Tracy had authority to and did act on behalf of Tracy, Theresa, and Tockstein Construction; and Theresa had authority and did act on behalf of Theresa, Tracy, and Tockstein Construction."

Paragraph 7 of the Complaint offers factual allegations suggesting that Theresa Tockstein may have been acting as an agent for Plaintiff when collecting and making payment of monies. However, neither Paragraph 7 or 8 offers any facts suggesting that Plaintiff was acting as an agent for Theresa Tockstein. "[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Black's Law Dictionary defines a "legal conclusion" as "[a] statement that expresses a legal duty or result but omits the fact creating or supporting the duty or result." *Black's Law Dictionary* 912 (8th ed. 2004). The line between factual allegations and legal conclusions is not easy to draw. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990). However, the Court is satisfied that the allegation that Plaintiff "had authority [to act] on behalf of [Theresa Tockstein]" is merely a legal conclusion unsupported by factual allegations. Paragraph 8 of the Third-Party Complaint contains only unsupported legal conclusions, and the Court disregards the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

allegations contained therein. Defendants' claim that Plaintiff was acting as an agent for Theresa Tockstein when he signed the Contract is not supported by Defendants' factual allegations.

Defendants have failed to allege facts sufficient to state a claim for breach of contract. Specifically, they have failed to show that Plaintiff was an agent for Theresa Tockstein when he signed the Contract. Without facts alleging this agency relationship, Defendants have failed to plead facts showing that a contract existed between them and Theresa Tockstein. The Court must dismiss Defendants' claim against Theresa Tockstein for breach of contract.

**B.     COUNT II:  FRAUD/MISREPRESENTATION**

To make a prima facie claim for fraud or misrepresentation under Missouri law, a claimant must plead facts establishing the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Hess v. Chase Manhattan Bank*, *USA, N.A.*, 220 S.W.3d 758, 765 (Mo. banc 2007) (*citing Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988)). "A failure to establish any one of the essential elements of fraud is fatal to recovery." *Heberer*, 744 S.W.2d at 443.

The parties specifically dispute the eighth element above; disagreeing over whether Defendants sufficiently alleged their right to rely on any representations made by Theresa Tockstein. Theresa Tockstein argues that because she was not a party to the contract, Defendants had no right to rely on any representation she may have made. Defendants respond that the existence of a contract is not necessary to establish their right to rely on her representations.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Federal Rules of Civil Procedure require that a party plead fraud with particularity.[2] Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The Eighth Circuit has stated that to satisfy the particularity requirement of Fed. R. Civ. P. 9(b), "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including where the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hospital, Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Id.* (*citing Unites States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)).

Defendants correctly state that the existence of a contract is not a necessary element of a fraud or misrepresentation claim,[3] and that a contractual relationship is not required to satisfy the right to rely element. *See, e.g., Li v. Metro. Life Ins. Co.*, 998 S.W.2d 828 (Mo. Ct. App. 1999) (insurance salesman guilty of fraudulent misrepresentation even though the relevant contract was between policy holder and insurance company, not salesman).

The right to rely element is satisfied as long as the hearer's reliance was reasonable, given the circumstances.[4] It is well settled that there is no right to rely on a representation as to the future actions of an independent third party. *See, e.g., Rhodes Eng'g Co., Inc. v. Pub. Water*

---

[2] Under the *Erie* doctrine, federal procedural rules govern in federal court, even when state substantive law is being applied. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[3] See the elements of fraud, set out above, taken from *Hess*, 220 S.W.2d at 765.

[4] See Richard A. Lord, *Williston on Contracts* § 69:33 (4th ed. 2007) ("The purpose of the reliance inquiry is to determine whether the plaintiff was acting justifiably or reasonably in giving credence to the alleged misrepresentation. . . . [R]elief is denied in many cases of fraudulent representation where the representations were such that no reasonable person ought to have relied on them.")

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Supply Dist. No. 1*, 128 S.W.3d 550, 568 (Mo. Ct. App. 2004). However, this case does not present an independent third party, as Defendants have alleged that Theresa Tockstein was responsible for handling certain financial matters concerning Plaintiff's business. Specifically, Defendants allege that Theresa Tockstein was "responsible for handling all financial transactions by and between [Plaintiff] and [Defendants] and/or payment of all liabilities related thereto . . . ." In addition, Defendants allege that Theresa Tockstein represented, among other things, that "all subcontractors, employees, suppliers and material men have been or (would) be paid in full at the time of [Plaintiff's] receipt of payment," and that "no lien rights of claims for payment exist in any other person or entity." These representations concerning the financial status of Plaintiff could be within the scope of her apparent agency[5] and, taken as true, might be sufficient to establish Defendant's right to rely thereon. The Court, therefore, finds that Defendants have sufficiently plead the right to rely element.

The other necessary elements of a fraud or misrepresentation claim are undisputed in this case. Looking to the Third-Party Complaint, the Court finds that Defendants have properly alleged the "who, what where, when, and how" of the fraud claim, satisfying Fed. R. Civ. P. 9(b)'s particularity requirement. *Costner*, 317 F.3d at 888. The pleading requirements of Fed. R. Civ. P. 9(b) have been satisfied. See *Joshi*, 441 F.3d at 556. Count II will not be dismissed.

## IV. CONCLUSION

The Court finds that Defendants have failed to plead sufficient facts to show that Theresa Tockstein was a party to the Contract and their claim for breach of contract must be dismissed. However, she may have been so involved in the business transactions that Defendants could be

---

[5] The elements required to make a prima facie claim of apparent authority are "(1) consent by the principal to the exercise of the authority; (2) good faith reliance by a third party; and (3) damage sustained." *Alexander v. Chandler*, 179 S.W.3d 385, 389 (Mo. Ct. App. 2005).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

found to have had a right to rely on any representations she made, and Defendants' claim for fraud/misrepresentation remains pending before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Third Party Defendant's Theresa Tockstein's Motion to Dismiss Third-Party Claim against Third-Party Defendant Theresa Tockstein [doc. # 20] is **GRANTED, in part,** and **DENIED, in part**. It is **GRANTED** as to Count I. It is **DENIED** as to Count II.

Dated this 17th Day of April, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com