UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACY TOCKSTEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV00020 ERW |
| | ) |
| STEVEN SPOENEMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' First Motion in Limine [doc. #80], Defendants' Second Motion in Limine [doc. #84], Defendants' Third Motion in Limine [doc. #87], Defendants' First Motion to Strike or Bar Plaintiff's Experts or for Continuance [doc. #106], Defendants' Fourth Motion in Limine [doc. #109], Defendants' Second Motion to Strike Dennis J. Tuchler and Fourth Motion for Continuance [doc. #111], Plaintiff's First Motion in Limine [doc. #114], Plaintiff's Second Motion in Limine [doc. #115], Plaintiff's Third Motion in Limine [doc. #116], Plaintiff's Fourth Motion in Limine [doc. #117], Plaintiff's Fifth Motion in Limine [doc. #118], Defendants' Fifth Motion in Limine [doc. #122], Defendants' First Motion to Elect [doc. #124], Defendants' First Motion for Additional Time to File Responses to Plaintiff's Proposed Jury Instructions [doc. #140], Defendants' First Motion for Leave to Endorse Experts [doc. #141], and Plaintiff's and Third Party Defendant's Motion to Strike Defendants' Counter and Third-Party Claims [doc. #143]. A hearing was held on April 24, 2009, and the Court heard arguments from the Parties on these Motions.

"The denial of a motion in limine does not generally preserve error for appellate review." *Spencer v. Young*, 495 F.3d 945, 949 (8th Cir. 2007). The Court is willing to reconsider the

decisions enumerated below, and as a result this is not a definitive ruling, and an objection must be made "to preserve a claim of error for appeal." *Olson v. Ford Motor Co.*, 481 F.3d 619, 629 (8th Cir. 2007).

I. **Defendants' First Motion in Limine [doc. #80]**

In their First Motion in Limine, Defendants ask that the Court bar several statements they assert are hearsay. Plaintiff responds that he does not intend to introduce any evidence that is hearsay, but reserves the right to introduce any admissible evidence. The Court will consider objections at the time these statements are raised at trial.

II. **Defendants' Second Motion in Limine [doc. #84]**

Defendants ask that Plaintiff be barred from presenting testimony regarding terms not in the original contract, stating that this constitutes parol evidence, and is inadmissible. Defendants also ask that the Court bar evidence of any alleged new contracts formed after the original contract. Plaintiff responds that the parol evidence rule doesn't apply because the evidence Defendants seek to exclude is evidence of a mistake or omission, and falls under an exception to the parol evidence rule. The Court finds that an in limine ruling is not appropriate without knowing what evidence will be presented at trial. The Court will make rulings concerning the matters raised in this Motion at the time of trial.

III. **Defendants' Third Motion in Limine [doc. #87]**

Defendants ask that the testimony of Dawn Henderson be barred. Plaintiff states that this Motion is moot because he does not plan to use this testimony. As a result, this Motion will be denied, as moot.

IV. **Defendants' Fourth Motion in Limine [doc. #109]**

Defendants seek to exclude evidence of a Construction Supply note. Plaintiff does not object to the exclusion of this note, and this Motion will be denied, as moot.

## V.   Plaintiff's Second Motion in Limine [doc. #115]

Plaintiff asks that Defendants be barred from introducing evidence of attorneys fees incurred by Defendants in defending mechanics lien lawsuits. Plaintiff states that Defendants have not disclosed any information about the costs incurred, including what attorney(s) worked on the matter, their hourly rate and hours worked. While the Court will hear evidence concerning Defendant's request at the time of trial, the Court will not consider any request for fees which have not heretofore been supported by documentation supplied to Plaintiff.

## VI.   Plaintiff's Third Motion in Limine [doc. #116]

Plaintiff asks that Defendants be barred from introducing evidence of alleged damages caused by the criminal acts of independent third parties. Specifically, Defendants attempted to refinance their home after liens had been placed upon the home. As a result, they had to deposit money with a title company. The title company then stole Defendants' money. There is some dispute over whether Defendants recovered the amount that was stolen, regardless, Plaintiff asserts that this evidence is inadmissible because the loss is due to the criminal acts of independent third parties. The Court agrees, because the damages available for the breach of a contract are only those that "are incidental to and directly caused by, the breach, and may reasonably be supposed to have entered into the contemplation of the parties and not speculative profits or accidental or consequential losses, or the loss of a fancied good bargain." *Guidry v. Charter Communications*, 269 S.W.3d 520, 533 (Mo. Ct. App. 2008) (quoting *Weber Implement Co. v. Acme Harvesting March. Co.*, 268 Mo. 363, 876 (Mo. 1916)).

## VII.   Plaintiff's Fourth Motion in Limine [doc. #117]

Plaintiff asks that Defendants be barred from introducing evidence of Plaintiff's non-compliance with plans and specifications and any allegations of defective workmanship. They state that issues of workmanship require expert testimony, and that Defendants have not disclosed any experts. In response, Defendants assert that the plans called for specific items to be used, and they should be permitted to introduce evidence that Plaintiff did not follow these specifications. Additionally, they state that the buckling roof and other problems were visible to a layperson, and that Defendants may testify to this fact.

At this time, based on matters before the Court on this issue, the Court cannot definitively rule. Some of the proffered evidence may be admissible based on lay witness testimony, however, Defendants should be alterted that they may not be able to present all of the evidence contemplated for lack of expert testimony.

**VIII.    Plaintiff's Fifth Motion in Limine [doc. #118]**

Plaintiff asks that Defendants be barred from introducing evidence of expenses incurred in completing the residence after Plaintiff was terminated because Defendants have failed to produce invoices and receipts for these expenses. Defendants respond that they have sufficient estimates, invoices and receipts to allow the jury to estimate these damages, however, much of their documentation is in the form of Mastercard invoices showing that a payment was made to Home Depot, or other stores, with no indication of what was purchased.

The Court will hear evidence at the time of trial based only on documentation heretofore supplied by Defendants. Defendants are reminded of their burden to rely at trial only on relevant and reliable evidence of purchases that were made for the construction of the house. It is highly likely that most, if not all, of the credit card exhibit produced at the hearing is inadmissible

because of lack specificity to identify the products purchased which were necessary to complete the construction of the residence.

**IX.     Defendants' Fifth Motion in Limine [doc. #122]**

Defendants ask that all references to Defendants' attorney, Mr. Harvell, be barred. At the hearing, the Parties agreed oral references would not be made, and agreed to redact Mr. Harvell's name from documents to be used at trial. As a result, this Motion is denied as moot.

**X.      Defendants' First Motion to Elect [doc. #124]**

Plaintiff has filed claims for both breach of contract and quantum meruit and valebat. Defendants assert that Plaintiff must elect between the remedies he seeks in his complaint. The Court will rule this Motion at the proper time during the trial. It is denied at this time as premature.

**XI.     Defendants' First Motion for Additional Time to File Responses to Plaintiff's Proposed Jury Instructions [doc. #140]**

Defendants filed this Motion because they believed that their response deadline was April 21, 2009. However, this deadline was only for responses and replies to the pending Motions in Limine and Motions to Strike. Accordingly, this Motion will be denied, as moot.

**XII.    Plaintiff's and Third Party Defendant's Motion to Strike Defendants' Counter and Third-Party Claims [doc. #143]**

Defendants failed to file their pre-trial brief, and as a result, Plaintiff and Theresa Tockstein asked that the Court sanction Defendants. Given the circumstances in this case and the rescheduling of the trial setting, the Court finds that sanctions are inappropriate at this time. However, Defendants are instructed to file their pre-trial brief by **April 29, 2009** at **5:00 p.m.**

**XIII.   Expert Witness Issues [docs. #106, 111, 114 and 141]**

The Court permitted Plaintiff to add the affirmative defenses of waiver and attorney overreaching on March 10, 2009. Subsequently, Defendants and Plaintiff named experts to testify at trial related to these defenses. The Court has been presented with several Motions relating to these defenses and witnesses, and whether they should be permitted.

The Federal Rules of Evidence state that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise . . ." Fed. R. Evid. 702. District courts may hold *Daubert* hearings before qualifying an expert witness. *See United States v. Eagle*, 515 F.3d 794, 800 (8th Cir. 2008). The Court believes that further inquiry is needed to determine whether expert testimony should be permitted.

The Court notes that additional discovery related to these experts is needed, and this discovery shall be permitted. Expert discovery must be concluded by **May 29, 2009.** The Parties are instructed to file simultaneous briefing on the admissibility of this expert testimony by **June 8, 2009.** These briefs are limited to fifteen (15) pages. Response and reply briefing will not be permitted. The *Daubert* hearing will be held on **Friday, June 12, 2009** at **1:30 p.m.** in Courtroom 12 South.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' First Motion in Limine [doc. #80] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Second Motion in Limine [doc. #84] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Third Motion in Limine [doc. #87] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Defendants' First Motion to Strike or Bar Plaintiff's Experts or for Continuance [doc. #106] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Fourth Motion in Limine [doc. #109] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Defendants' Second Motion to Strike Dennis J. Tuchler and Fourth Motion for Continuance [doc. #111] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's First Motion in Limine [doc. #114] is **GRANTED, in part.** Expert discovery must be concluded by **May 29, 2009.** The Parties are instructed to file simultaneous briefing on the admissibility of this expert testimony by **June 8, 2009.** These briefs are limited to fifteen (15) pages. Response and reply briefing will not be permitted. The *Daubert* hearing will be held on **Friday, June 12, 2009** at **1:30 p.m.** in Courtroom 12 South.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion in Limine [doc. #115] is **GRANTED, in part,** and **DENIED, in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion in Limine [doc. #116] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Motion in Limine [doc. #117] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Fifth Motion in Limine [doc. #118] is **GRANTED, in part,** and **DENIED, in part.**

**IT IS FURTHER ORDERED** that Defendants' Fifth Motion in Limine [doc. #122] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Defendants' First Motion to Elect [doc. #124] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' First Motion for Additional Time to File Responses to Plaintiff's Proposed Jury Instructions [doc. #140] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Defendants' First Motion for Leave to Endorse Experts [doc. #141] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's and Third Party Defendant's Motion to Strike Defendants' Counter and Third-Party Claims [doc. #143] is **DENIED.** Defendants are instructed to file their pre-trial brief by **April 29, 2009** at **5:00 p.m.**

**IT IS FURTHER ORDERED** that the trial setting for this action shall be moved from its current setting on May 4, 2009 to **August 17, 2009** at **8:30 a.m.** in Courtroom 12 South.

Dated this 27th Day of April, 2009.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE