UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACY TOCKSTEIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STEVEN SPOENEMAN, et al., ) <br> ) <br> Defendants. ) | Case No. 4:07CV00020 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Motion of Defendant/Counterclaim Plaintiff Steven Spoeneman's Motion to Exclude [doc. #148] and Plaintiff's Motion to Exclude [doc. #149]. A hearing was held on June 12, 2009, and the Court heard arguments from the Parties on these Motions.

**I.     BACKGROUND**

This action began as a suit for damages arising out of a contract for the construction of Steven Spoeneman and Rochelle Spoeneman's (collectively, "Defendants") residence by Tracy Tockstein ("Plaintiff"). Subsequently, Defendants filed a third-party claim against Theresa Tockstein, Plaintiff's wife, and a counterclaim against Plaintiff. One of the counterclaims Defendants filed is for breach of contract. In response to this counterclaim, Plaintiff asserted the affirmative defense of unconscionability. In support of this defense, Plaintiff states that:

> Defendants' desired interpretation of the provisions of the Construction Contract which governed Plaintiff's representations upon Plaintiff's receipt of payments from Defendants renders such contractual provisions unconscionable, and such provisions were created by Defendant Steven Spoeneman, who, at all times relevant, was Plaintiff's lawyer who drafted the Construction Contract and Vouchers, who has given legal advise to Plaintiff on the Construction Contract and Vouchers, and who created such provisions in overreaching of a then-existing attorney-client relationship by and between Defendant Steven Spoeneman and Plaintiff.

Essentially, Defendant Steven Spoeneman was Plaintiff's attorney on another matter when they entered into the contract to construct this residence. Plaintiff asserts that the contract was unconscionable as a result of Defendant Steven Spoeneman's overreaching in their attorney-client relationship. Plaintiff seeks to utilize this defense to bar the enforcement of either the entire contract or certain terms within this contract.

After Plaintiff asserted this defense, Defendant Steven Spoeneman responded by disclosing the name of experts he proposed would testify on issues related to this defense. Plaintiff then named rebuttal experts. Plaintiff states that he does not need expert testimony for their case-in-chief related to this defense, and only plans to call these individuals to rebut Defendant Steven Spoeneman's experts. The Court scheduled a *Daubert* hearing for June 12, 2009 to discuss the legal issues related to this proposed expert testimony. Prior to the hearing, both Parties filed motions to exclude each other's expert witnesses. These Motions are currently pending before the Court.

## II. DISCUSSION

Under Missouri Law, "[u]nconscionability has two aspects: procedural unconscionability and substantive unconscionability." *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. banc 2006). Procedural unconscionability requires the consideration of "the formalities of making the contract" while substantive unconscionability inquires into "the terms of the contract itself." *Id.* (citing *Bracey v. Monsanto Co., Inc.*, 823 S.W.2d 946, 950 (Mo. banc 1992)). This doctrine occupies a unique space under the law, as it is an equitable defense and a question of law, however, it requires consideration "of judgment and degree, the sort of question which is normally not clear enough to be decided as a matter of law." *Turner v. Ferguson*, 149 F.3d 821, 824 (8th Cir. 1998). As a result, some courts have found that this issue should be resolved by a

court, while others find that it is a question for the jury. *Compare Id.* (while there was no issue of fact, court found unconscionability presented a question for a jury because reasonable people could differ on whether contract was unconscionable) *with Bracey v. Monsanto Co., Inc.*, 823 S.W.2d 946, 949 (Mo. banc 1992) ("unconscionability is for the court to decide, and not a jury issue"). However, *Bracey* probed issues of unconscionability under provisions of the Uniform Commercial Code, which "calls for a finding 'as a matter of law' and so the question is for the court to decide and not a jury issue." *Id.* (citing Mo. Rev. Stat. § 200.2-302(1)). The Court is persuaded that unconscionability in the context presented here is a question of fact to be resolved by the jury. Under the facts of this case, reasonable people could differ on whether this contract was unconscionable, and this issue must be resolved by a jury.

The Court must next determine whether these proposed expert opinions should be admitted at trial. Admissibility of expert witnesses is governed by Fed.R. Evid. 702. To be admissible under this Rule, proposed testimony must be based on scientific, technical or other specialized knowledge must first be relevant, i.e. "be useful to the finder of fact in deciding the ultimate issue of fact." *Lauzon v. Senco Prods., Inc,* 270 F.3d 681,686 (8th Cir. 2001). Secondly, the expert "must be qualified to assist the trier of fact," and finally, the testimony must be reliable. *Id.* at 686.

After reviewing the proposed testimony from five eminently qualified witnesses, it is clear to the Court that the expert testimony proposed by the Parties revolves around questions of law related to this unconscionability defense. Their experts purport to give their opinions on questions of law, and not to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. This is obvious from the expert reports and opinions that have been submitted to the Court. Joanna Owen's report states, "[t]he Construction Contract is

3

reasonable and not unconscionable." She also proposes to testify that "[t]he voucher system is a typical kind of voucher system used in construction and is not unconscionable." Professor Peter Joy states that it is his opinion that Defendant Steven Spoeneman "did not breach any fiduciary or ethical duty" and "did not take advantage of [Plaintiff] . . . by entering into the Construction Contract." John Holstein's opinion letter states that there is no indication that Defendant Steven Spoeneman "breached a professional duty" and states that the contractual provisions at issue "are not unusually harsh and are similar to standard provisions." Steven Limbaugh, Sr. states that the contract terms "were highly unfair" and Defendant "Steven Spoeneman breached his fiduciary or ethical duty to plaintiff by entering into such agreement." Finally, Professor Dennis Tuchler states that he believes "that the contract in this case was entered into in violation" of Missouri ethics rules. "When expert opinions are little more than legal conclusions," there is no abuse of discretion in excluding such statements. *In re Acceptance Insurance Companies Securities Litigation*, 423 F.3d 899, 905 (8th Cir. 2005). For example, the Eighth Circuit considered a "battle of experts opining as to whether Southern Pine had violated FAA regulations[,]" and noted, "[a]s we have had occasion to remark before, however, expert testimony on legal matters is not admissible." *See Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.* 320 F.3d 838, 841 (8th Cir. 2003). The Court is required to exercise a gatekeeper role when determining whether to allow expert testimony.

These opinions have "crossed the line from describing the underlying facts to expressing a legal opinion," and the proffered experts will not be permitted to testify. *Pokorny*, 2007 WL 1932922, at *3; *see also Fiataruolo v. United States*, 8 F.3d 930, 941-42 (2d Cir. 1993) (Federal Rules were "not intended to allow experts to offer opinions embodying legal conclusions."). As a result, these opinions are inadmissible.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Steven Spoeneman's Motion to Exclude [doc. #148] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude [doc. #149] is **GRANTED.**

Dated this 14th Day of July, 2009.

                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE