UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACY TOCKSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00020 ERW |
| ) | |
| STEVEN SPOENEMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Strike Plaintiff's Affirmative Defense of Unconscionability, or in the alternative, to Permit Owen to Testify as to the Standard Nature of Vouchers and Contracts and Holstein on Contract Terms and Fiduciary Duties [doc. #153] and Defendant's Motion for New Pretrial Deadlines and for Pretrial Conference [doc. #154]. A hearing was held on July 29, 2009, and the Court heard arguments from the Parties on these Motions.

**I. MOTION TO STRIKE DEFENSE OR PERMIT EXPERT TESTIMONY**

While this Motion is captioned as a motion to strike or to permit expert testimony, it presents, in part the arguments that were made to the Court on Defendants' motion to exclude that was filed with the Court on June 8, 2009. As a result, the Court construes this pending motion as a motion to reconsider, or for relief from the Court's Memorandum and Order dated July 14, 2009 [doc. #152]. Motions such as these are evaluated as either a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) or as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b). Because the Court's Memorandum and Order was not a judgment, this Motion does not fall within Fed. R. Civ. P. 59(e).

Defendant's Motion may be considered pursuant to Fed. R. Civ. P. 60(b), which allows relief from an order for only limited reasons. *See* Fed. R. Civ. P. 60(b). Fed. R. Civ. P. "60(b) is an extraordinary remedy and will be justified only under exceptional circumstances." *Prudential Ins. Co. of America v. National Park Med. Ctr., Inc.,* 413 F.3d 897, 903 (8th Cir. 2005) (internal citation omitted). Defendant has introduced no new arguments or law in filing this Motion, and has not shown that any exceptional circumstances exist. As a result, the denial of this Motion is appropriate.

## II. MOTION FOR NEW PRETRIAL DEADLINES AND CONFERENCE

This action was set for a jury trial beginning May 4, 2009, however, the trial date was moved to August 17, 2009 at the pretrial conference on April 24, 2009 so that the Parties could conduct limited additional discovery. Prior to the pretrial conference, the Parties filed their proposed jury instructions, motions in limine, witness lists and other pretrial compliance materials. Defendants now ask for leave to file additional pretrial materials, including exhibits, testimony and instructions, and ask that the Court set another pretrial conference.

The Court will permit the Parties to supplement their prior pretrial compliance, however, any supplement must be related to the additional discovery that has been completed since the pretrial conference on April 24, 2009.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Affirmative Defense of Unconscionability, or in the alternative, to Permit Owen to Testify as to the Standard Nature of Vouchers and Contracts and Holstein on Contract Terms and Fiduciary Duties [doc. #153] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for New Pretrial Deadlines and for Pretrial Conference [doc. #154] is **GRANTED, in part,** and **DENIED, in part.** The Parties may supplement their previously filed pretrial compliance in accordance with the limitations detailed in this order. Any supplemental materials must be filed by August 7, 2009. The Parties may file supplemental jury instructions on or before August 14, 2009. A pretrial conference will be held on **August 10, 2009** at **3:00 p.m.** in Courtroom 12 South.

Dated this 30th Day of July, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE