UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACY TOCKSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00020 ERW |
| ) | |
| STEVEN SPOENEMAN, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' First Motion for Attorneys' Fees [doc. #223], Defendants' Supplemental Motion for Attorneys' Fees [doc. #228], Defendants' Motion for Attorneys' Fees (Redacted) and Affidavit in Support [doc. #231], Defendants' First Motion to Stay and for Supersedeas Bond [doc. #234], Defendants' Second Motion to Stay [doc. #232], Defendants' Second Motion to Stay Pending Appeal and for Supersedeas Bond [doc. #236], and Plaintiff and Counter-Defendants' Motion for Bill of Costs [doc. #221].

Plaintiff Tracy Tockstein ("Plaintiff") originally filed this lawsuit against Defendants Steven Spoeneman and Rochelle Spoeneman (collectively, "Defendants") to recover damages for breach of contract arising out of the construction of a home for Defendants. Defendants counter-claimed against Plaintiff and Theresa Tockstein (collectively, "the Tocksteins") for breach of contract, fraud, and for violations of the Missouri Merchandising Practices Act ("the MMPA"). The matter proceeded to trial, and the jury returned its verdicts on December 18, 2009. The jury found in favor of Plaintiff and against Defendants on the breach of contract claims, awarding Plaintiff a total of $159,606.34 in damages. The jury found in favor of Defendants and against the Tocksteins on the fraud and MMPA counterclaims, but awarded them no damages. Defendants

now seek to recover their attorneys' fees and to stay execution of the judgment pending the resolution of their appeal.

## I. MOTIONS FOR ATTORNEYS' FEES

Defendants contend that they should be permitted to recover their legal expenses from the Tocksteins because the jury returned a verdict in their favor on the MMPA count and the MMPA authorizes awards of attorneys' fees. *See* Mo. Rev. Stat. § 407.025.1 ("The Court may, in its discretion . . . award to the prevailing party attorney's fees, based on the amount of time reasonably expended . . . ."). The Tocksteins argue that the statute only authorizes such awards for prevailing parties, and that Defendants did not prevail in that the jury did not award them any damages.

The Eighth Circuit has concluded that cases applying 28 U.S.C. § 1988(b), which provides for recovery of attorneys' fees in civil rights litigation and which is worded identically to § 407.025.1, supplies the appropriate framework for evaluating requests for attorneys' fees under the MMPA. *Grabinski v. Blue Springs Ford Sales, Inc.*, 203 F.3d 1024, 1027-28 (8th Cir. 2000) (citing *O'Brien v. B.L.C. Ins. Co.*, 768 S.W.2d 64 (Mo. 1989) (en banc) (citing federal cases interpreting § 1988(b) in applying a different attorneys' fees statute, one in fact less similar to § 1988(b) than § 407.025.1)). Under § 1988(b), and therefore likewise under § 407.025.1, a party who receives a judgment in his favor on a claim for money damages but is not actually awarded any damages achieves only a "technical victory," and is therefore not a prevailing party for purposes of recovering attorneys' fees. *See Warren v. Fanning*, 950 F.2d 1370, 1375 (8th Cir. 1991) (citing *Hewitt v. Helms*, 482 U.S. 755, 762 (1987)). Although that result may be different where the plaintiff receives nominal damages, *see id.*, Defendants made no such request in their counterclaims against the Tocksteins.

The Court therefore concludes that Defendants' motions for attorneys' fees will be denied because Defendants are not "prevailing parties" under § 407.025.1 of the MMPA.

## II. MOTIONS TO STAY EXECUTION PROCEEDINGS AND SET SUPERSEDEAS BOND

Defendants ask the Court to stay execution of Plaintiff's money judgment against them pending the outcome of their appeal and to set a supersedeas bond to secure the judgment. Plaintiff has not opposed Defendants' motions for a stay.

Federal Rule of Civil Procedure 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond," except in the cases of judgments in actions for an injunction, a receivership, and those directing an accounting in a patent infringement suit. "With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 449 (E.D. Mo. 1988) (internal citations omitted). Although the district court has some discretion as to the amount of the bond, a supersedeas bond is generally set in the full amount of the judgment, plus anticipated interest and costs. *Id.* (internal citations omitted); *see also Halbach v. Great-West Life & Annuity Ins. Co.*, 2009 WL 214671, at *1 (E.D. Mo. 2009).[1]

Defendants have filed their Notice of Appeal [doc. #233], and the Court therefore finds that they are entitled to a stay upon the posting of a supersedeas bond in the full amount of the

---

[1] Although district courts sometimes also evaluate the propriety of setting a bond in light of the purposes of Rule 62(d), *see, e.g.*, *Halbach*, 2009 WL 214671, at *2, the Court declines to do so in this instance given that Defendants have not requested a partial bond and Plaintiff has not opposed Defendants' motions on this issue.

judgment. The Court declines to add anticipated interest to the bond amount given that any attempt by the Court to calculate such interest would ultimately be pure speculation. In addition, pursuant to Rule 62(d), the bond must be approved by the Court before the stay can take effect, and the Court will therefore hold these motions in abeyance until Defendants have posted the bond.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' First Motion for Attorneys' Fees [doc. #223], Defendants' Supplemental Motion for Attorneys' Fees [doc. #228], and Defendants' Motion for Attorneys' Fees (Redacted) [doc. #231] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' supersedeas bond is set in the amount of $159,606.34, which the Clerk of the Court is directed to deposit in an interest-bearing account if posted in cash.

**IT IS FURTHER ORDERED** that Defendants' First Motion to Stay and for Supersedeas Bond [doc. #234], Defendants' Second Motion to Stay [doc. #232], and Defendants' Second Motion to Stay Pending Appeal and for Supersedeas Bond [doc. #236] are **HELD IN ABEYANCE** pending approval of the aforementioned bond.

**IT IS FURTHER ORDERED** that Plaintiff and Counter-Defendant's Motion for Bill of Costs [doc. #221] is **DENIED**, given that Defendants have filed their Notice of Appeal. The Tocksteins shall have leave to re-file their Motion upon the resolution of the parties' pending appeals.

Dated this 16th Day of February, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE